**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

IN RE:

|  |  |
|---|---|
| Pamela R. Estes | Case No.:  22-06655 |
|  | Chapter:   13 |
|  | Hearing Date:  7/28/22 |
| Debtor | Judge Timothy A. Barnes |

<u>**NOTICE OF MOTION**</u>

TO:    Marilyn O Marshall, Chapter 13 Trustee, 224 South Michigan Ste 800, Chicago, IL 60604 by electronic notice through ECF
Pamela R. Estes, Debtor, 3019 140th Street, Blue Island, IL 60406
Derrick Barksdale, Co-Debtor, 3019 W 140th St, Blue Island, IL 60406
Veronica D Joyner, Attorney for Debtor, 120 South State Street Suite 200, Chicago, IL 60603 by electronic notice through ECF
Office of the U.S. Trustee, 219 S. Dearborn St., Room 873, Chicago, IL 60604 by electronic notice through ECF


PLEASE TAKE NOTICE that on **7/28/22, at 9:30AM**, I will appear before the Honorable Judge Timothy A. Barnes, or any judge sitting in that judge's place, and present the motion of Codilis & Associates, P.C. for Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-W2, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.**
No personal appearance in court is necessary or permitted.  To appear and be heard on the motion, you must do the following:

**To appear by video,** use this link:  https://www.zoomgov.com/.  Then enter the meeting ID and password.

**To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.**  The meeting ID for this hearing is 161 329 5276 and the password is 433658.  The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date.  If a Notice of Objection is timely filed, the motion will be called on the presentment date.  If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

<u>**PROOF OF SERVICE**</u>

The undersigned, an attorney, hereby certifies that I have served a copy of this Notice along with the attached Motion upon the parties listed above, as to the Trustee and Debtor's attorney via electronic notice on July 18, 2022 and as to Debtor and Co-Debtor by causing same to be mailed in a properly addressed envelope, postage prepaid, from 7140 Monroe Street, Willowbrook, IL 60527, before the hour of 5:00 PM on July 18, 2022.


/s/ Peter C. Bastianen
Attorney for Movant

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that I have served a copy of this Notice along with the attached Motion upon the parties listed below, as to the Trustee and Debtor's attorney via electronic notice on July 18, 2022 and as to the Debtor and Co-Debtor by causing same to be mailed in a properly addressed envelope, postage prepaid, from 7140 Monroe Street, Willowbrook, IL 60527 before the hour of 5:00 PM on July 18, 2022.

Marilyn O Marshall, Chapter 13 Trustee, 224 South Michigan Ste 800, Chicago, IL 60604 by electronic notice through ECF
Pamela R. Estes, Debtor, 3019 140th Street, Blue Island, IL 60406
Derrick Barksdale, Co-Debtor, 3019 W 140th St, Blue Island, IL 60406
Veronica D Joyner, Attorney for Debtor, 120 South State Street Suite 200, Chicago, IL 60603 by electronic notice through ECF
Office of the U.S. Trustee, 219 S. Dearborn St., Room 873, Chicago, IL 60604 by electronic notice through ECF

/s/ Peter C. Bastianen
Attorney for Movant

Rachael A. Stokas ARDC#6276349
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
Brenda Ann Likavec ARDC#6330036
Berton J. Maley ARDC#6209399
Terri M. Long ARDC#6196966
**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
File No. 14-20-00672

NOTE: This law firm is a debt collector.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS (EASTERN DIVISION)**

| | |
|---|---|
| IN RE: | |
| | Case No.:  22-06655 |
| Pamela R. Estes | Chapter:   13 |
| | Hearing Date:  7/28/22 |
| | |
| Debtor | Judge Timothy A. Barnes |

---

**MOTION FOR IN REM RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY OR DISMISSAL WITH 180-DAY BAR TO RE-FILING**

---

**NOW COMES** DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ARGENT SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-W2 (hereinafter "Movant"), by and through its attorneys, Codilis & Associates, P.C., and moves this Honorable Court pursuant to 11 U.S.C. §362(d)(4) and §1301(c)  for an in rem Order granting Movant relief from the automatic stay and co-debtor stay, and pursuant to 11 U.S.C. §§ 109 and/or 349(a) and 105 dismissing this case with 180-Day Bar to Re-filing, and in support thereof states as follows:

1.     This Court has jurisdiction pursuant to 28 U.S.C. §1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois, Eastern Division;

2.     Debtor filed a petition under Chapter 13 of Title 11, United States Bankruptcy Code on 6/14/2022;

3.     Enforcement of this security interest has been stayed automatically by operation of 11 U.S.C. Section 362 of the Bankruptcy Code;

4.     Movant is a mortgage holder or servicer on the property commonly known as 3019 W 140th St, Blue Island, IL 60406 (hereinafter "subject property") pursuant to a note and mortgage

dated 01/06/2006 and modified on 08/23/2014 to add a default into the principal balance and bring the loan current with the first payment due on 10/01/2014;

     5.     Since the loan was modified in 2014, Debtor has filed five (5) chapter 13 bankruptcy cases;

     a.     FIRST CASE #15-20174 – On 06/10/2015, Debtor filed the first case. Movant's arrears claim in that case was $2,667.77.  On 10/06/2016, the first case was dismissed on Trustee's motion for failure to make plan payments;

     b.     SECOND CASE #16-39593 – About two months later, on 12/16/2016, Debtor filed the second case.  Movant's arrears claim in that case was $6,761.59.  On 07/26/2017, Movant obtained stay relief and co-debtor stay relief based on a post-petition default in monthly mortgage payments, and the second case was dismissed on Trustee's motion for failure to make plan payments and failure to confirm a plan;

     c.     THIRD CASE #17-31561 – About three months later, on 10/21/2017, Debtor filed the third case. Movant's arrears claim in that case was $15,548.52.  On 12/18/2018, Movant obtained stay and co-debtor stay relief based on a post-petition default in monthly mortgage payments, and the fourth case was dismissed on Trustee's motion for failure to make plan payments;

     d.     FOURTH CASE #21-14706 – About three years later, on 12/30/2021, Debtor filed the fourth case. Movant's arrears claim in that case was $22,829.60.  On 04/07/2022, Movant obtained stay and co-debtor stay relief based on a post-petition default in monthly mortgage payments On 05/12/2022, the fourth case was dismissed on Trustee's motion for failure to make plan payments;

     e.     FIFTH CASE #22-06655 – About a month later, on 06/14/2022, Debtor filed this fifth case.  Movant estimates that its arrears claim in this case will be $32,339.10.  The plan proposed in this case is unfeasible based on Movant's estimated arrears claim as it would run 65 months;

6.      There has been no positive change of circumstances between the dismissal of the first case and the filing of the instant case which would justify a fifth filing;

7.      Debtor has tried to reorganize the debt in four prior cases, without success, and the default to Movant has steadily grown from under $3,000.00 when the first case was filed to more than $32,000.00 when this case was filed;

8.      Debtor's history of serial filing without change of circumstances, and failure to make post-petition mortgage payments and plan payments evidences bad faith and an abuse of the provisions, purposes and spirit of the Bankruptcy Code [See, In re Kinney, 51 B.R. 840 (Bkrtcy.C.D.Cal. 1985), which held that debtors which filed multiple bankruptcy petition to utilize the automatic stay without the intent and ability to reorganize had acted in bad faith and abused the bankruptcy process.];;

9.      Pursuant to decisions of the United States Court of Appeals for the Seventh Circuit, filing of a Chapter 13 petition in bad faith constitutes grounds for dismissal "for cause" pursuant to 11 U.S.C. §1307(c)  [See, for example, In the Matter of Kenneth W. Smith, 848 F.2d 813, at 816 (7th Cir. 1988), and In the Matter of Love, 957 F.2d 1350, at 1354 (7th Cir.1992);

10.     Pursuant to 11 U.S.C. §349(a) and §105, this court has discretion to make dismissal of Debtor's case a dismissal with prejudice and 180-Day Bar to subsequent filings, and a finding of bad faith and improper filing by this court is good and sufficient cause for so ruling;

11.     Pursuant to 11 U.S.C. §109, this Court has discretion to make dismissal of debtor's case a dismissal with 180-Day Bar to subsequent filings, and a finding of bad faith and that Debtor has failed to properly prosecute his cases by this Court is good and sufficient cause for so ruling;

12.     The filing of a fifth chapter 13 case in seven years where Debtor has repeatedly failed to make the payments proposed by the plans indicates that this case was undertaken for an "improper purpose" without actual ability to reorganize;

13.     Debtor's history of serial filing without change of circumstances, and failure to make post-petition mortgage payments and plan payments evidences that the filing of the instant bankruptcy petition is part of a scheme to delay, hinder and defraud Movant through multiple bankruptcy filings affecting the subject property and gives grounds for the Honorable Court to grant in rem relief pursuant to 11 U.S.C. §362(d)(4);

14.     Further delay or the filing of additional bankruptcy proceedings will cause serious harm to Movant in attorney's fees and costs in any underlying foreclosure proceeding and no remedy other than a 180-day bar to re-filing or in rem relief will protect this Movant from this harm;

15.     Sufficient grounds exist for said dismissal to be with 180-Day Bar to re-filing pursuant to 11 U.S.C. §109 and/or 11 U.S.C. §349(a) and §105 and to grant in rem relief from the automatic stay pursuant to 11 U.S.C. §362(d)(4) and §105 for cause as:

   a.   Movant is not adequately protected herein;

   b.   Debtor's plan has been proposed in bad faith;

   c.   Debtor's filing of five chapter 13 cases in seven years without the ability to successfully reorganize constitutes and abuse of the bankruptcy process;

   d.   Debtor's pre and post-petition conduct and filing history evidence a scheme to delay, hinder, and defraud Movant through multiple bankruptcy filings affecting the subject property;

16.     The Court has authority to order that Rule 4001(a)(3) is not applicable to the order entered in granting this motion, and Movant requests this Court so order;

17.     Movant has incurred attorney fees and/or costs in connection with this bankruptcy proceeding which have not been included in the calculation of any default figures quoted herein including:

> $1,050.00 for Preparation of Notice and Motion for Relief from the Automatic Stay, and prosecution of same
>
> $188.00     for Court filing fee

18.     PHH Mortgage Corporation services the underlying mortgage loan and note for the property referenced in this Motion for Relief for Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-W2 (the noteholder) and is entitled to proceed accordingly.  Should the Automatic Stay be lifted and/or set aside by Order of this Court or if this case is dismissed or if the debtor obtains a discharge and a foreclosure action is commenced or recommenced, said foreclosure action will be conducted in the name of Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-W2 (the noteholder).  Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-W2 (the noteholder) has the right to foreclose because:  Noteholder is the original mortgagee or beneficiary or assignee of the security instrument for the referenced loan.  Noteholder directly or through an agent has possession of the promissory note and the promissory note is either made payable to Noteholder or has been duly endorsed;

19.     The subject note and mortgage are co-signed by Derrick Barksdale and that to the extent that the co-debtor stay of 11 U.S.C. §1301 applies to real estate loans, it applies to Derrick Barksdale and grounds exist for relief therefrom under 11 U.S.C. §1301(c)(1) as the co-debtor received an ownership interest in the house and under 11 U.S.C. §1301(c)(3) if the automatic stay is modified herein;

**WHEREFORE,** DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ARGENT SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-W2 prays this Court enter an <u>in rem</u> Order pursuant to 11 U.S.C. §362(d)(4) and §1301(c) modifying the automatic stay and co-debtor stay as to Movant or an Order dismissing this case with a 180-day bar to re-filing pursuant to 11 U.S.C. §§ 109 and/or 349(a) and 105, allowing the fees and costs described herein to be added to the indebtedness pursuant to the terms of the note and mortgage, and for such other and further relief as this Court may deem just and proper.

Dated this July 18, 2022.

Respectfully Submitted,
Codilis & Associates, P.C.

By: <u>/s/ Peter C. Bastianen</u>

Rachael A. Stokas ARDC#6276349
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
Brenda Ann Likavec ARDC#6330036
Berton J. Maley ARDC#6209399
Terri M. Long ARDC#6196966
**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
File No. 14-20-00672

NOTE: This law firm is a debt collector.



PHH Mortgage Services
1 Mortgage Way
Mt. Laurel NJ 08054

Tel·877-688-7116'
Fax·856-917-8003'

# **IMPORTANT NOTICE**

Upon written request, PHH Mortgage Services will provide the following information regarding the subject loan:

- A copy of the payment history through the date the account was last less than 60 days past due.

- A copy of the note.

- If foreclosure has been commenced or a POC has been filed, copies of any assignments of mortgage or deed of trust required to demonstrate the right to foreclose on the borrower's note under applicable state laws.

- The name of the investor that holds the loan.


Requests for this information/documentation can be sent to us at the following address:

PHH Mortgage Services
Mailstop SBRP
PO Box 5469
Mt. Laurel, NJ 08054

This notice is being provided for informational and compliance purposes only. It is not an attempt to collect a debt.